## BENDER, COLLECTOR OF INTERNAL REVENUE, *v.* PFAFF.

No. 86.   Argued October 22, 23, 1930.—Decided November 24, 1930.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist, Mr. Sewall Key, Miss Helen R. Carless,* Special Assistants to the Attorney General, *Mr. Paul D. Miller,* and *Messrs. Clarence M. Charest,* General Counsel, and *T. H. Lewis, Jr.,* Special Attorney,

128

Bureau of Internal Revenue, were on the brief, for Bender, Collector of Internal Revenue.

*Messrs. Charles E. Dunbar, Jr.,* and *Monte M. Lemann,* with whom *Messrs. J. Blanc Monroe* and *Walker B. Spencer* were on the brief, for Pfaff.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The question presented in this case is the same as that dealt with in *Poe* v. *Seaborn, ante,* p. 101, *Goodell* v. *Koch, ante,* p. 118, and *Hopkins* v. *Bacon, ante,* p. 122. The only variant is that here we are concerned with the community property law of Louisiana. The case comes here on certiorari to the Fifth Circuit Court of Appeals, which affirmed (38 Fed. (2d) 649) a judgment of the District Court (38 Fed. (2d) 642) in favor of the respondent, whereby respondent recovered the amount of an additional assessment paid under protest. As in the other cases the Commissioner made this additional assessment on the theory that under the law of Louisiana the whole community income is to be treated as the income of the husband.

If the test be, as we have held it is, ownership of the community income, this case is probably the strongest of those presented to us, in favor of the wife's ownership of one-half of that income. The relevant statutes of Louisiana are noted in the margin.* So called " common property " includes all property acquired in any manner by husband and wife during marriage except donations made to one of the spouses, and except the wife's earnings and actions for damages when she is living apart from her husband, or carrying on a separate business or trade. The statutes speak of a marriage superinducing as a matter of right, " partnership or community " of acquêts or gains. Repeatedly the statutes refer to the relation as a " partnership or community." The decisions of the Supreme Court of Louisiana clearly recognize the wife's ownership of one-half of all the community income. They unequivocally declare that the wife's half interest in such community property " is not a mere expectancy during the marriage." (*Phillips* v. *Phillips*, 160 La. 813.)

As in the case of other states, whose law we have discussed in connection with this matter in the *Poe, Goodell* and *Hopkins* cases, *supra*, each spouse may by will dispose of only his or her one-half of the community and is powerless to affect the other's half. In case of death intestate one-half descends to the heirs of the decedent, and the other spouse is powerless to prevent this.

* La. Revised Civil Code, 1370, Articles 57, 64, 120–121, 128, 131–132, 149–150, 155–156, 159–160 (as amended by Act 247 of 1916, p. 521); 915 (as amended by Act 160, 1920, p. 250); 917, 2332, 2334 (as amended by Act 186, 1920, p. 304); 2383, 2386, 2392–2401, 2402 (as amended by Act 68 of 1902, p. 95); 2403, 2404 (as amended by Act 96 Reg. Sess. 1926, p. 136); 2405–2409, 2410 (as amended by Act 4 of 1882, p. 5); 2411–2414, 2417–2419, 2421–2425, 2430; La. Code of Practice, 1870, Articles 105–107, 298; Act 102 of 1916, p. 223; Act 132 Reg. Sess. 1926, p. 207.

While the husband is the manager of the affairs of the marital partnership, the limitations upon the wrongful exercise of his power over community property are more stringent than in many states which have a community system. In Louisiana, if the husband proves, by reason of financial difficulties or the like, an unfit manager, the wife may bring about an immediate dissolution and liquidation of the community property. (*Wolf & Clark* v. *Lowry,* 10 La. Ann. 272; *Webb* v. *Bell,* 24 La. Ann. 75; *Brown & Learned* v. *Smythe,* 40 La. Ann. 325.) And when the wife sues for a separation of the property she is entitled to an accounting from the husband for community income or property in his hands and to reimbursement and retribution for any act done by him in fraud of her rights. (*Hill* v. *Hill,* 115 La. 489; *White* v. *White,* 159 La. 1065.)

In conclusion it may be noted that the Supreme Court of Louisiana has cited our own decisions in *Warburton* v. *White,* 176 U. S. 484, and *Arnett* v. *Reade,* 220 U. S. 311, indicating that the exposition of the wife's rights and of the nature of the community therein contained correctly states the Louisiana doctrine.

Inasmuch, therefore, as, in Louisiana, the wife has a present vested interest in community property equal to that of her husband, we hold that the spouses are entitled to file separate returns, each treating one-half of the community income as income of each " of " them as an " individual " as those words are used in §§ 210 (a) and 211 (a) of the Revenue Act of 1926.

The judgment of the Circuit Court of Appeals is

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE STONE took no part in the consideration or decision of this case.