## HARMEL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6212.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1932.

Robert Ash, of Washington, D. C. (A. H. Britain and Harry C. Weeks, both of

Wichita Falls, Tex., amici curiæ), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. Shaw, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition by a taxpayer to review a decision of the Board of Tax Appeals which held that $57,000, received in 1924 as cash consideration for an oil and gas lease of land in Texas, was taxable as ordinary income. The taxpayer contended that the amount so received should have been taxed as capital gain under section 208 (a) (1), Revenue Act of 1924 (26 USCA § 939 note), which provides: "The term 'capital gain' means taxable gain from the sale or exchange of capital assets."

The same question was decided in favor of a taxpayer by this court in Ferguson v. Commissioner, 45 F.(2d) 573, and we see no reason to reverse our ruling in that case. We there held that in Texas, however it might be in other states, an oil and gas lease conveyed a determinable fee to those minerals in place, and that this local rule of property was controlling in the absence of Congressional legislation restricting the meaning of the word "sale." Since then the Supreme Court, in Group No. 1 Oil Corporation v. Bass, 283 U. S. 279, 51 S. Ct. 432, 75 L. E `. 1032, following Theisen v. Robison, 117 Tex. 489, 8 S.W.(2d) 646, likewise has held that an oil and gas lease constitutes a present sale of the oil and gas in place, under the Constitution and law of Texas. It is no new doctrine that a rule of property prevailing in a state, and changes in that rule, will be recognized in administering the federal income tax law. United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285; United States v. Malcolm, 282 U. S. 792, 51 S. Ct. 184, 75 L. Ed. 714. See, also, the community income tax cases, of Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; Goodell v. Koch, 282 U. S. 118, 51 S. Ct. 62, 75 L. Ed. 247; Hopkins v. Bacon, 282 U. S. 122, 51 S. Ct. 62, 75 L. Ed. 249; Bender v. Pfaff, 282 U. S. 127, 51 S. Ct. 64, 75 L. Ed. 252.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.