MINNIE FELBER (FORMERLY MINNIE GOLDMAN), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102988. Promulgated September 26, 1941.

*R. A. Littleton, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $2,313.61 in income tax for the calendar year 1936. The Board adopts the

stipulation of the parties as its findings of fact. The Commissioner added to income $10,574.10 representing community income for the period from January 1 to February 12, 1936, which the petitioner had not reported. The petitioner assigns this action as error.

The petitioner was the widow of Simon Goldman, who died on February 12, 1936. They resided in Shreveport, Louisiana. All of their property was community property. Part of the property was a one-half interest in a partnership. The partnership earned profits of $41,113.40 from January 1 to February 12, 1936, "of which a one-half part, or $20,556.70, was distributable to the community of Petitioner and her husband, Simon Goldman; and the community had other income accrued, as rents up to February 12, 1936, in the amount of $1,289.00, or a total income accrued to February 12, 1936, of $21,-845.70, against which there was accrued expense of $697.50, which makes Net accrued income of $21,148.20 of the community." The value of the other assets of the community was far in excess of the debts.

The petitioner filed a return for 1936 with the collector of internal revenue for the second district of Texas, but did not include in that return any of the community income for the period up to February 12. The Commissioner included $10,574.10 in determining the deficiency. The administrator of Simon filed an income tax return for the period January 1 to February 12, 1936, in which he reported community income of $20,431.18 and paid a tax of $1,825.07 thereon.

The petitioner contends that all of the community income for the period from the first of the year to the date of the death of the husband was properly reported by the administrator of the husband and none of it may properly be included in her income for 1936. She argues that the last day of the taxable year of the community was February 12, 1936, when the husband died and, since she and her husband were living together on that day, they had a right to file a joint return; but she was "under disability" to file a return (section 51 (c)) because under the law of Louisiana the administrator was placed in charge of all community funds and, therefore, the return he filed was proper. The sequence of the argument, as presented in the brief, is not so easily followed, but the foregoing seems to be the purport of it.

The situation of this petitioner in regard to a joint return is no different from that of any other surviving spouse, whether residing within or without a community property state. Each spouse is a separate taxpayer. Sec. 51, Revenue Act of 1936. The community is not a taxpayer and had no taxable year. The taxable year of the petitioner was the calendar year 1936 and it was not cut short or divided in any way by the death of her husband. His death ter-

minated their right to file a joint return. Regulations 94, article 51-1; *Katharine B. Bliss*, 29 B. T. A. 1037; affd., 76 Fed. (2d) 101; *Gertrude H. Thompson*, 30 B. T. A. 30; *Estate of Lee R. Farrell*, 35 B. T. A. 265, 270, 271. Section 51 (c), relating to the filing of returns for "persons under disability" has and was intended to have no application to a case like this. The petitioner was not "unable" to make her own return. She, in fact, made and filed her return and she could and should have reported in it her share of the community income. *Bender* v. *Pfaff*, 282 U. S. 127. The administrator was required to file a return for the decedent but not for the petitioner. Sec. 142. *Katharine B. Bliss*, supra.

The administrator in Louisiana is charged with the community property after the death of one of the spouses and any income arising thereafter must be reported by the administrator. *J. H. Tippett*, 25 B. T. A. 69; *Ida Stephenson*, 33 B. T. A. 252. But the income here in question arose before the death of the spouse. It is immaterial if the petitioner could not obtain free use of her share until the administrator paid the debts and made distribution. It became hers as it was earned. It does not appear that she did not obtain it within the taxable year, if that is material. Even during the lifetime of her husband she had to report her share of the community income, although the husband had full charge of the community property. Most of the income was from a partnership and was taxable whether distributed or not. Sec. 182. We find no error in the determination of the Commissioner.

Reviewed by the Board.

*Decision will be entered for the respondent.*