MARION J. EPLEY, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18221.   Promulgated July 14, 1949.

*Robert Ash, Esq.,* and *John Y. Merrell, Esq.,* for the petitioner.
*Donald P. Chehock, Esq.,* for the respondent.

78

OPINION.

OPPER, *Judge*: Whatever doubt there may have been as to the character of the return filed by petitioner for the year 1943 is eliminated by the position of the parties, which removes this as an issue in the present proceeding. Although the return was made only in petitioner's name, and was so denominated, the fact that it includes items of income and deduction of both spouses would strongly suggest its joint nature. *Mrs. D. Sydney Smith*, 4 B. T. A. 385. But the question need not be labored, since respondent has determined that the return was joint, and petitioner concedes on brief that: "While petitioner intended to file a separate return for the year 1943, it seems clear that he in fact filed a joint return."

The point is important, however, because of its bearing on petitioner's liability in this proceeding for any tax on his wife's income. Under the Current Tax Payment Act, the tax measured by either 1942,

or 1943, income, as the case may be, is a 1943 tax. *Lawrence W. Carpenter*, 10 T. C. 64. That act requires that: "If the taxpayer for the taxable year 1942 or for the taxable year 1943 makes a joint return with his spouse, the taxes of the spouses for the taxable year for which a joint return is not made shall be aggregated for the purposes of subsections (a), (b), and (c) * * *." Section 6 (d) (2). And the liability for the tax due on a joint return is joint and several. Internal Revenue Code, section 51 (b).

It follows that if the income of petitioner's wife for 1942, when separate returns were filed, is not excluded as petitioner claims it is, under section 6 (d) (1) of the Current Tax Payment Act,[1] the tax upon it is to be aggregated with petitioner's, the 1943 tax will be measured by it under section 6 (b), and petitioner will be liable for any deficiency so arrived at. The question is accordingly not moot, as it might otherwise have been if only the wife's tax liability were at issue, she not being a party to this proceeding.

This brings us to the true controversy. Petitioner, a resident of a community property state, and his wife each reported for 1942 a part of the community income, all of which was the product of petitioner's personal services. By 1943 he was a member of the armed forces of the United States. The parties are agreed that in applying section 6 (b) of the Current Tax Payment Act [2]—which is applicable because

---

[1] (d) RULES FOR APPLICATION OF SUBSECTIONS (a), (b), AND (c).—

(1) APPLICATION OF SUBSECTION (b) TO MEMBERS OF ARMED FORCES.—If the taxpayer is in active service in the military or naval forces of the United States or any of the other United Nations at any time during the taxable year 1942 or 1943, the increase in the tax for the taxable year 1943 under subsection (b) (1) shall be reduced by an amount equal to the amount by which the tax for the taxable year 1942 (determined without regard to this section) is increased by reason of the inclusion in the net income for the taxable year 1942 of the amount of the earned net income (as defined in section 25 (a) (4)).

[2] (a) TAX FOR 1942 NOT GREATER THAN TAX FOR 1943.—* * *

(b) TAX FOR 1942 GREATER THAN TAX FOR 1943.—In case the tax imposed by Chapter 1 of the Internal Revenue Code upon any individual (other than an estate or trust and other than a nonresident alien not subject to the provisions of sections 58, 59, and 60 of such chapter) for the taxable year 1942 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at source) is greater than the tax for the taxable year 1943 (similarly determined), the liabiltiy of such individual for the tax imposed by such chapter for the taxable year 1942 shall be discharged as of September 1, 1943, except that interest and additions to such tax shall be collected at the same time and in the same manner as, and as a part of, the tax under such chapter for the taxable year 1943. In such case the tax under such chapter for the taxable year 1943 shall be increased by—

(1) the amount by which the tax imposed by such chapter for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) exceeds the tax imposed by such chapter for the taxable year 1943 (determined without regard to this section, without regard to interest and additions to such tax, and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter), plus

(2) if the tax for the taxable year 1943 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter) is more than $50, an amount equal to 25 per centum of the tax for the taxable year 1943

petitioner's tax for 1942 would be greater than that for 1943—his share of the community income may be excluded under section 6 (d) (1), quoted above, as "earned income" in computing first the 1942, and then the 1943 tax. The disagreement arises as to whether the wife's share of the 1942 community income may likewise be excluded. We think it may not.

There is to this day an open question whether the wife's share of community income resulting from her husband's services is her "earned income." Cf. *McLarry* v. *Commissioner* (C. C. A., 5th Cir.), 30 Fed. (2d) 789, with *Mrs. Frank Andrews*, 26 B. T. A. 642. And see Regulations 111, sec. 29.25–2. But whether earned or not, it is clearly hers, and taxable as such. *Bender* v. *Pfaff*, 282 U. S. 127. The result seems equally clear either way. If it is earned income of the wife, it can not well be the "earned income" of a serviceman, and that is what the statute deals with.[3] Mrs. Epley could also have been in the naval service, and in that case the statute would have covered her as well. But she was not. If, on the other hand, the wife's share is not even "earned income" as far as she is concerned, then it was clearly intended to be taxed under section 6 (d) (1), since the exclusion is specific in its limitation to "compensation for personal services," as described in section 25 (a) (4), Internal Revenue Code, the successor to section 209 (a) (1), Revenue Act of 1926, which was involved in such cases as *Mrs. Frank Andrews, supra.*

If the two spouses had filed separate returns for 1943, as they did for 1942, the question could scarcely have arisen. It would then be a simple matter to demonstrate that the forgiveness of petitioner's tax has nothing to do with that of his wife. Petitioner's undoubted privilege of filing a joint return for the community should not be permitted to obscure what would otherwise be clear. If he is held to be liable for his wife's unforgiven tax, it is purely the result of his voluntary exercise of an option which the law gives him the right to elect, but which carries with it the disadvantage corresponding to its benefits.

---

(so determined) or the excess of such tax (so determined) over $50, whichever is the lesser. Such amount shall in no case exceed 25 per centum of the tax for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) or the excess of such tax (so determined) over $50, whichever is the lesser.

This subsection shall not apply in any case in which the taxpayer is convicted of any criminal offense with respect to the tax for the taxable year 1942 or in which additions to the tax for such taxable year are applicable by reason of fraud. An individual who becomes subject to tax for the taxable year 1943 under this subsection shall be an individual required to make a return for the taxable year 1943 under section 51 of the Internal Revenue Code.

[3] "* * * The effect of this last provision is to abate the higher year 1942 instead of the year 1943, with respect to the tax on the earned net income of servicemen. * * *" (Senate Finance Committee Report No. 221, 78th Cong., 1st sess., p. 11.)

Respondent was authorized to issue regulations for the application of the Current Tax Payment Act. He has dealt with the present situation specifically: "If * * * the husband and wife were domiciled in a State recognized as a community property State for Federal tax purposes and rendered separate income tax returns on the community income basis, each reporting thereon one-half of the earned income, the wife is not entitled to the benefit of the exclusion provided by section 6 (d) (1) with respect to her share of the community earned income. * * *" (T. D. 5300, Regulations under the Current Tax Payment Act.)

For the reasons stated, we think the interpretation so given the act is reasonable. It should be approved. There is no greater inequity than if the wife had earned the income in a separate property state, as, indeed, petitioner concedes, or than if it had been derived from the investments of one spouse or the other. In either of these situations it seems to us reasonably clear that a taxpayer could not claim that it was his earned income and should hence be excluded. The same result seems to us required here.

Reviewed by the Court.

*Decision will be entered for the respondent.*