The **FIRST NATIONAL BANK OF SHREVEPORT, Executor of the Estate of Lillian B. Fain, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21497.

United States Court of Appeals Fifth Circuit.

Feb. 15, 1965.

Rehearing Denied June 2, 1965.

W. Scott Wilkinson, Shreveport, La., Mark H. Johnson, New York City, for appellant.

Robert J. Golten, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Donald R. Anderson, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Shreveport, La., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

This is an action by the Executor of the Estate of Lillian B. Fain to recover federal estate taxes in the amount of $195,963.19, plus interest, alleged by appellant to have been illegally assessed and collected. The controversy centers around the property settlement executed upon decedent's judicial separation from her second husband in 1948. Both parties wanted a divorce, but Mr. Glassell would not agree to the separation until a firm understanding was reached concerning distribution of community property. Although her interest in the community property was probably worth more than the settlement which she accepted, the decedent agreed to the settlement whereby she would receive the family house, certain royalties, cash and bonds, and "Alfred will pay to Lillian one million dollars, * * * subject, however, to the conditions set forth in the following paragraph." The following paragraph provided, in part: "The One million Dollar payment made by Alfred to Lillian will be placed by Lillian in trust", which was to be irrevocable, the income to be paid to Lillian during her life, and the remainder to her three children and to Mr. Glassell's son.

Decedent carried out the agreement by execution of the trust instrument and in 1949 paid gift tax on the remainder interest. In 1959, following an audit of decedent's estate tax return, the Commissioner determined that the value of the trust corpus should be included in decedent's estate under Section 2036 and a deficiency of $168,929.12 in taxes and $22,115.66 in interest was assessed and paid. Timely claim for refund was disallowed, and in the suit that followed the District Court sustained the action of the Commissioner. The case comes to this Court on appeal from that decision.

The sole question presented is:

Was the District Court correct in holding that the corpus of the Lillian B. Glassell Trust should be included in the estate of the decedent, Lillian B. Glassell Fain, under the retained life estate provisions of Section 2036 [1] of the Internal Revenue Code?

The appellant argues that decedent did not transfer her property to the trust, but that, considering the transaction as a whole and looking to its substance, she transferred her community property interest to her former husband in order to obtain or acquire a life interest in the property which became the corpus of the trust, plus a limited power of appointment to name the remaindermen. It is argued that she *obtained*, not *retained*, a life estate, and therefore I.R.C. Section 2036 is not applicable. Hence the basic question presented to the lower court was "Who owned the property?", or stated differently, "Who was the actual settlor of the trust?"

The District Court answered this question explicitly:

"the only conclusion consistent with principles of Louisiana law is that decedent, when she created the trust, held full ownership of the one million dollars and other properties."

■ It is the opinion of the Court that this determination was clearly correct. Simply stated, the purpose of Section 2036 is to impose an estate tax upon

1. Section 2036(a) at that time provided:
"(a) *General Rule.*—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—
(1) the possession or enjoyment of, or the right to the income from, the property, or
(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

property which the taxpayer gave away during his life but in which he retained economic benefit until his death. Greene v. United States, 237 F.2d 848, (7 Cir. 1956). Considering the substance of the transaction, this is exactly what is presented in this case. Before the transaction, Mrs. Fain had a vested one-half interest in community property valued at more than two million dollars. Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252 (1930). After the transaction, Mrs. Fain had a life estate in property worth approximately the same as her vested interest in the community property and she had given the remainder interest to her children. The mere liquidation of her assets in the process of establishing a trust does not remove the corpus of the trust from the provisions of Section 2036.

The decision of the District Court is

Affirmed.