JOSÉ G. RAMÍREZ MÁS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JAIME FRANK PAGANACCI, JUDGE, Respondent; SECRETARY OF THE TREASURY, Intervener.

No. O-67-122.    Decided November 15, 1967.

*Genovevo Meléndez Carrucini* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The Secretary of the Treasury notified certain deficiencies to taxpayer José G. Ramírez Más after examining the income tax returns filed by the latter for the years 1958, 1959, and 1960. Not agreeing with the administrative order, Ramírez appealed to the Superior Court and filed a complaint in which he specifically alleged that the deficiencies were due to the fact that the Secretary rejected his having presented separate returns from his wife from whom he was separated during the taxable years indicated.[1] In his answer the Secretary stated that "at no time . . . had he refused or denied the plaintiff the right to file returns separately from his wife," and he added that "the deficiencies in this case arise from the fact that defendant did not accept the manner . . . in which plaintiff apportioned or distributed the income received [by the members of the conjugal part-

---

[1] Section 51(a)(1) of the Income Tax Act of 1954, 13 L.P.R.A. 3051(a)(1), equivalent to § 24(a)(1) of the Income Tax Act of 1925; see *Méndez v. Secretary of the Treasury,* 77 P.R.R. 77 (1954). See, for any relevancy it may have, § 22(k) of the Income Tax Act, 13 L.P.R.A. 3022(k), relative to the alimony income paid by the husband to his wife in view of "decree of separate maintenance."

nership] in filing his own and his wife's returns separately. . . ."

Subsequently plaintiff requested the Secretary to admit that the controversy between the parties was reduced to determining whether a husband and wife who live separately may each declare in their individual returns one half of the income of the conjugal partnership constituted by them specifically in this case, salaries received by the husband and wife, stock dividends which they receive respectively, and rents produced by assets of the community property. To this request the defendant answered accepting it, but explaining that the matter to be determined is whether it is in conformance to law that a married couple who live separately should file returns separately in which they include the income actually received by each one or whether it is enough to divide the total income received by the conjugal partnership in half and thus inform it in the individual returns irrespective of the amount personally received and enjoyed.[2]

[2] In relation to this interesting problem, see 3 Mertens, Law of Federal Income Taxation, § 19.01 et seq.; the normal cases of *United States* v. *Robbins*, 269 U.S. 315 (1926), and *Poe* v. *Seaborn*, 282 U.S. 101 (1930); see also, *Goodwell* v. *Kock*, 282 U.S. 118 (1930); *Hopkins* v. *Bacon*, 282 U.S. 122 (1930); *Bender* v. *Pfaff*, 282 U.S. 127 (1930); *United States* v. *Malcolm*, 282 U.S. 792 (1930); *The Tax Nationalization of Community Property*, 26 Taxes 14 (1948); *Federal Taxation of Community Property*, 34 Cal. L. Rev. 398–401 (1946); *Husband and Wife under the Income Tax*, 5 Brooklyn L. Rev. 241 (1936); *Taxing the Income of the Husband and Wife*, 13 Taxes 198 (1935); *Federal Taxation of Community Property*, 12 Texas L. Rev. 273 (1934); *The Taxation of Family Income*, 41 Yale L.J. 1172 (1932); *The Modern Problem of the Nature of the Wife's Interest in Community Property—A Comparative Story*, 19 Cal. L. Rev. 568 (1931).

To avoid the difference in treatment which resulted in an obvious advantage for the citizens of the states in which the economic system of the conjugal partnership exists and to refrain the movement of those who began to abandon by legislation the classical concept of the separate property of the common law, the federal act was amended in 1948, and provisions were incorporated to permit the distribution of the income between husband and wife. See, 26 U.S.C.A. §§ 3 and 4(c).

The plaintiff also served interrogatories, among others, the following: "2. Furnish the plaintiff with a copy of the investigation report of the inspector for the years in question including in said report the letter or introduction memorandum thereof, as well as any statement taken from any party or person during the administrative proceeding of the case." The defendant filed objections to the interrogatory on the grounds that it involves a privileged and confidential matter.[3] He consented, however, to show the statements made to the inspector by the taxpayer and his wife in the course of the investigation. After hearing the parties, the trial court ordered the plaintiff to "modify the question . . . in order to specify the information which he sought in the investigation report." In a motion for reconsideration, the plaintiff indicated that his purpose in requesting the report was to discover proof which would permit him to prepare adequately his case before the trial, and affirmed that he was not in a condition to specify the interested information because he did not know the contents of the report.

We issued a writ of certiorari to review the action of the Superior Court in refusing to order the Secretary of the Treasury to furnish a copy of the investigation report performed by the inspector. The same must be set aside.

A careful examination of the original record sent here in compliance with the order issued, shows that this is not the appropriate situation to determine whether the objection to privilege may be raised against a request to include

---

[3] Rule 30 admits that by means of interrogatories, the party interrogated may be requested as part of or attached to the answers copies of all papers, books, accounts, etc., relevant to the responses required, "which are not privileged." As to the scope of that which constitutes privileged matters, see *Sierra* v. *Superior Court,* 81 P.R.R. 540 (1959), and in general, 4 Moore, Federal Practice, § 26.25; *cf. When can records be withheld during tax investigations?,* 17 J. Tax 174 (1962), in relation to § 19 of Act No. 293 of May 15, 1945, 20 L.P.R.A. § 790, which establishes the privilege of communications between the certified public accountant and his client.

a copy of the investigation report of an income tax inspector. From the recital made, it appears that the controversy between the parties is reduced to a bare question of law, and already the record contains all the elements of facts necessary to elucidate it. The taxpayer maintains that he has an unquestionable right to divide in half the income of the conjugal partnership and to file them in two separate returns, one in his name and the other in his wife's name, just as he had been doing since 1955, which practice had been accepted after investigations up to the first taxable year to which this suit refers. The Secretary of the Treasury does not challenge the total amount declared as the income of the partnership; he objects to its distribution and maintains that it should all be attributed to the husband except those amounts actually and really received by Mrs. Ramírez. For those purposes, in absence of a relation of the amounts withdrawn by them of the joint venture known as Clubman, Inc.—which information was specifically requested by interrogatory pending to be answered—he made an estimate on the basis of the information furnished by the taxpayer himself and his wife.[4]

If the plaintiff prevails, all issue of fact is immaterial; if defendant, whose action in attributing the income of plaintiff's wife is based on an estimate prevails, all that the taxpayer must show is that said estimate does not conform to reality. In this respect, the report requested would be of no use, since, as we have already indicated, the administrative action was based on the information furnished by the Ramírez spouses, whose returns have been put at the disposal of the plaintiff to be examined or copied.

---

[4] In answer to an interrogatory submitted by the plaintiff, the Secretary reported it thus, breaking down the "income actually received by the plaintiff's wife" to cover matters such as food, clothing, education expenses, rent, and other personal expenses.

·The writ issued will be quashed and the case remanded to the Superior Court, San Juan Part, for further proceedings.