BARBARA M. HANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hansen v. Commissioner
Docket No. 10339-75.
United States Tax Court
T.C. Memo 1977-163; 1977 Tax Ct. Memo LEXIS 277; 36 T.C.M. (CCH) 684; T.C.M. (RIA) 770163; May 31, 1977, Filed *277 Held, petitioner, a woman married and domiciled in the State of Louisiana is required to report, on her separate return, one half of the community income earned by her husband. Bagur v. Commissioner,66 T.C. 817 (1976) followed. Held further, the automatic male mastership of the legal community in Louisiana is not unconstitutional. Barbara M. Hansen, pro se. Joseph R. Goeke, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in, and under section 6651(a), I.R.C. 1954 and section 6653(a) additions to, petitioner's Federal income tax for the calendar year 1971 in the amounts of $3,064, $766 and $153.20, respectively. Respondent now concedes that petitioner is not liable for the additions to tax. *278 The sole remaining issue is whether petitioner, a woman married and domiciled in the State of Louisiana, is required to report, on her separate return, one half of the community income earned by her husband for the taxable year 1971. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Barbara M. Hansen, resided in Lafayette, Louisiana at the time she filed her petition herein. She filed no Federal income tax return for the year in issue. Petitioner was married to and lived with her husband of long-standing, Donald G. Hansen (Donald), throughout 1971. The marital domicile of petitioner and her husband, throughout 1971, was in Lafayette, Louisiana. In March of 1972, petitioner and her husband began to live separate and apart and in May of 1972 she obtained a legal separation. In 1971 Donald was a design consultant receiving fees in the amount of $34,500 from Starline, Inc. of Carencro, Louisiana. He traveled, away from home, approximately one half of the year on business. Petitioner had no separate income and relied upon *279 her husband to provide her with cash to purchase food and gasoline for her car. She wrote no checks and did not pay any bills. Donald made the payments, if any, on the mortgage on their home and paid all bills that were, in fact, paid. When she separated from her husband in 1972, petitioner took the remaining conjugal assets, the household goods. There was no other property as they had lost their home and car. [1]
Petitioner was aware that individuals were required to file Federal income tax returns and upon asking her husband, in 1972, whether they had filed a return for 1971 was told that he had taken care of it. However, neither Donald nor petitioner filed a Federal income tax return for 1971. In the notice of deficiency dated November 3, 1975, respondent determined the community which existed between petitioner and her former husband, received in 1971, gross income from Donald's business in the amount of $34,500 and that half thereof was taxable income to petitioner. Furthermore, respondent determined *280 Donald incurred expenses from his business in the amount of $5,000 and therefore petitioner's taxable income was decreased in the amount of $2,500. OPINION Petitioner, on brief, does not dispute the well settled principles of Louisiana law that the husband's earnings during marriage constitute community property and that a wife owns a vested one-half interest in the community. See United States v. Mitchell,403 U.S. 190 (1971); Bender v. Pfaff,282 U.S. 127 (1930); Bagur v. Commissioner,66 T.C. 817 (1976); Louisiana Civil Code Articles 2334 and 2402. Therefore, "* * * the wife [has] the obligation, not merely the right, to report half the community income" on her separate income tax return. United States v. Mitchell,supra at 196; United States v. Malcolm,282 U.S. 792, 794 (1931). However petitioner advances two arguments in support of her position, to wit: (1) Our Federal tax system contemplates that income should be taxed to the person who actually receives and enjoys such income. Donald earned, consumed and enjoyed said income sought to be taxed to petitioner *281 and therefore Donald and not petitioner should bear the incidence of income tax. (2) Under Louisiana law the husband is the head and master of the community and has the power to alienate community assets without the consent of his wife. Such power of disposition, over community assets without the wife's consent, is unconstitutional in that it denies petitioner equal protection of law and discriminates against petitioner on the basis of sex in violation of the 14th Amendment to the United States Constitution. Furthermore, said dispository power is unconstitutional because it operates to deprive petitioner of property (her vested one half of the community) without due process of law. Petitioner's contentions, in our opinion, are without merit. The framers and the codifiers of Louisiana's community property laws "* * * saw fit, in their wisdom, to place the husband at the head of the partnership * * *. [H] was made the managing partner of the community and charged with the administration of its effects, as well as with the alienation of its effects and revenues by onerous title, because he was deemed the best qualified to act." Succession of Wiener,203 La. 649, 14 So.2d 475, 481 (1943); *282 United States v. Mitchell,supra."* * * [It] is clearly within the ambit of the authority granted to a state to prescribe laws governing its citizens relative to their respective estates, inheritance, and the establishment and the guidelines for a marital regime of its citizens." Chambers v. Chambers,259 La. 246, 249 So.2d 896, 903 (1971), cert. denied 404 U.S. 856 (1971). Furthermore, it is well settled that the husband's powers of management over the community do not defeat the ownership rights of the wife. Warburton v. White,176 U.S. 484 (1900); Arnett v. Reade,220 U.S. 311 (1911); Bender v. Pfaff,supra.Louisiana law affords various protections to the wife. The wife has an acquired right to sue her husband or his heirs for alienation of the community made in fraud. Louisiana Civil Code Article 2404. Moreover she "may, without obtaining a divorce, and even in the absence of fraud, sue for a dissolution and liquidation of the community partnership and secure the delivery into her own exclusive management and control of her half of the community property whenever *283 her husband proves to be incompetent, a bad manager, of a reckless or speculative disposition, or whenever his affairs are in such disorder that her property rights are jeopardized." Succession of Wiener,supra at 481. Additionally she may "* * * demand an accounting for [the] enrichment of the husband's separate and paraphernal estate from the community gains." Creech v. Capitol Mack, Inc., La., 287 So.2d 497, 508 (1973). As the Supreme Court stated in Mitchell, at 205, "* * * these cases are 'hard' cases and [are] exceedingly unfortunate. * * * The 'fault' if fault there be, * * * flows from the settled principles of the community property system." [2] We will not declare the automatic male mastership of the legal community in Louisiana unconstitutional, when the United States Supreme Court since, at least, the year 1900 has been presented with similar factual settings and has failed to so act. In view of the foregoing, *284 we have no choice but to conclude with the statement that Decision will be entered under Rule 155.
Footnotes
1. We cannot find from the record that such assets were foreclosed or levied upon; however, we can infer that petitioner and her husband were in dire financial straits.↩
2. Although we do not decide, and the record does not indicate, it may be that petitioner can present sufficient evidence to establish, for a subsequent year, an embezzlement or similar deductible loss of her community share.↩