LEAR, Judge.
Plaintiff, John C. Hamner, was admitted to the Inez Sako Nursing Home in Houma, *568 Louisiana, on July 9,1980. His spouse was not admitted and continued to live at home. On July 10,1980 plaintiff’s son, on behalf of his father, applied for Nursing Home Vendor Payments from the Medicaid Program which is operated by the Louisiana Department of Health and Human Resources (DHHR). Plaintiff’s application was rejected, because his income exceeded the eligibility ceiling allowed by DHHR. Plaintiff then requested and received a hearing from the appeals section of DHHR, which upheld the agency’s decision. Plaintiff then sought judicial review of the agency decision.
DHHR’s regulations provide that an applicant is eligible of Nursing Home Vendor Payments if his gross monthly income is less than $714.00 per month. Along with other monthly income, plaintiff receives from his former employer retirement income in the amount of $234.75. DHHR has attributed this entire amount to plaintiff, and in doing so calculates his total gross monthly income as $781.12. On this basis DHHR found plaintiff to be ineligible for Nursing Home Vendor Payments. Plaintiff, however, contends that, because his retirement income is community property, DHHR should include only one-half of it in calculating his monthly gross income for eligibility purposes. In that event, plaintiff’s gross monthly income is then only $663.74, which would make him eligible for the claimed benefits.
The district court agreed with plaintiff, finding that these retirement payments are community income and that only half of the retirement payment should be attributed to plaintiff in. determining his gross monthly income. The district court, reversing the agency’s decision, found plaintiff to be eligible for Nursing Home Vendor Payments. DHHR has appealed that decision.
The issue before us is whether these retirement payments are solely the plaintiff’s income, or rather equally the income of each spouse.
The retirement income at issue here was generated through a retirement program connected with plaintiff’s employment during his marriage. The proceeds [income] from this retirement plan constitute community property, which is owned by plaintiff and his spouse in indivisión. This retirement income is clearly community income. T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975).
In Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252 (1930), the United States Supreme Court recognized that under the law of Louisiana the wife is not only vested with the ownership of half of the community property from the moment it is acquired, but is likewise the owner of half of the community income. See also Succession of Wiener, 203 La. 649, 14 So.2d 475 (1943). The court, in Bender, thus held that the spouses are entitled to file separate tax returns, each treating one-half of the community income as income of each of them as an individual.
The principle enunciated in Bender v. Pfaff, supra, was expanded upon by the U. S. Supreme Court in the case of United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). Within a broader issué, the court in Mitchell was called upon to determine whether a married woman, domiciled in the community property state of Louisiana, is personally liable for federal income tax on half the community income realized during the existence of the community. Quoting from its earlier decision in Poe v. Seaborn, 282 U.S. 101, 109, 51 S.Ct. 58, 75 L.Ed. 239 (1930), the court in Mitchell stated that:
“These sections [210 and 211 of the revenue act of 1926] lay a tax upon the net income of every individual. The act goes no further, and furnishes no other standard or definition of what constitutes an individual’s income. The use of the word ‘of’ denotes ownership. It would be a strained construction which, in the absence of further definition by congress, should impute a broader significance to the phrase.”
In determining and defining the term “income”, the court in Bender, Poe and Mitchell all emphasized ownership. In this regard the court looked to the law of the state as to ownership of community property and community income. We are unable to find any instance, whether in Louisiana *569 or in the federal jurisprudence, wherein a distinction is made between “income” and “ownership”. In non-community property states the use of the term income to denote ownership presents no problems, because under these property systems the income of each spouse is their separate property and the term “income” has no meaning other than ownership. However, in Louisiana, a community property state, where community income is presently and from the moment of its acquisition owned by both spouses equally, such phrases as “income of the applicant” lose significance. Since in all cases income is equated with ownership, in community property states eligibility determinations must be based on what funds [income], or portion thereof, being received are actually owned by the applicant.
In this instant case, the retirement funds being received are in the amount of $234.75, one-half of which is owned by plaintiff. Therefore, one-half of that amount is the [retirement] income of plaintiff. Thus, the trial court was correct in attributing only one-half of the retirement income ($117.37) to plaintiff and finding him eligible for Nursing Home Vendor Payments.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by the State of - Louisiana, through the Department of Health and Human Resources in the amount of $161.00.
AFFIRMED.