John P. NEEDHAM and Janet
Needham, Plaintiffs,

v.

The UNITED STATES of America and
any Internal Revenue Agent,
Defendants.

No. CIV–81–237–D.

United States District Court,
W.D. Oklahoma.

Feb. 10, 1983.

Lewis P. Terrell, Lubbock, Tex., for plaintiffs.

William S. Price, U.S. Atty., Oklahoma City, Okl., Rick K. Disney and William W. Guild, Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendants.

## OPINION

DAUGHERTY, District Judge.

Plaintiffs bring this suit to enjoin the Internal Revenue Service agents of the United States (IRS) to refrain from further efforts to assess and collect income tax which the IRS claims is due from Plaintiff John P. Needham for the year 1970. This action was tried to the Court on April 26, 1982, and, having consulted the authorities cited by the parties in their trial briefs and their respective Proposed Findings of Fact and Conclusions of Law, the Court is ready to render judgment.

The issues in the case boil down to four questions:

1. Whether the tax assessment made on April 2, 1973, was supported by a properly sent deficiency notice, or "90 day notice;"

2. Whether the six-year period of limitation provided in 26 U.S.C. § 6502(a), limiting the time within which collection of tax may be made after an assessment has been made, bars further collection efforts;

3. Whether Plaintiff John P. Needham has proved a case for injunction against assessment and collection under *Enochs v. Williams Packing Co., infra;* and

4. Whether Janet Needham is entitled to an injunction restraining the IRS from collecting taxes owed by her husband, John P. Needham, by proceedings against her property, and specifically whether the Court should enjoin the IRS to release a tax lien on the interest of Plaintiff John Needham in property owned jointly by both of them.

## WAS THE DEFICIENCY NOTICE PROPERLY SENT?

In filing his Federal income tax return for the year 1970, Plaintiff John Needham stated on his return only his name, address, Social Security number, and the fact that he refused to answer any other question by reason of possible self-incrimination and because of policies of the Federal Government which result in debasement of the currency and the like. His return, like the return involved in *United States v. Porth,* 426 F.2d 519, 523 (Tenth Cir.1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), did not "contain any information relating to the taxpayer's income from which the tax can be computed [and therefore was] not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner [of Internal Revenue]." In the ordinary case of disputed tax liability, the taxpayer has filed the required return, and the IRS then has three years within which to assess a deficiency. 26 U.S.C. § 6501(a). However, where no return is filed, the applicable rule is found in 26 U.S.C. § 6501(c)(3), which provides:

(3) No return.—In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

At any rate, the IRS did assess a deficiency against Plaintiff John P. Needham on April 2, 1973. The Plaintiff claims that this assessment was not supported by a proper notice of deficiency sent under the authority of 26 U.S.C. § 6212, which provides, in pertinent part:

(a) In general.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A and B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency.—

(1) Income and gift taxes and certain excise taxes.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary

relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, or chapter 45, if mailed to the taxpayer at his last known address shall be sufficient . . . .

The IRS concedes that if the notice of deficiency was not properly mailed, the Court may enjoin assessment or collection. However, the IRS asserts that the injunction, if proper, could not prevent it from sending a new notice of deficiency to the taxpayer and, after allowing the taxpayer his statutory opportunity to litigate a redetermination of his deficiency in the Tax Court, making a new assessment. The Court agrees. 26 U.S.C. § 6213(a), provides, in pertinent part:

(a) Time for filing petition and restriction on assessment.—Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . ., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 [relating to jeopardy assessments] no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a) [prohibiting injunctions restraining the assessment or collection of tax], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

Clearly, this statute provides for an injunction in the instant case if the IRS failed to mail the deficiency notice to the taxpayer.

Most of the evidence at trial related to this issue. The taxpayer's 1970 "Porth" type of return gave his address in Dumas, Texas. His wife, Plaintiff Janet Needham,

filed a separate return for the year 1970. The Plaintiffs then moved to New Braunfels, Texas, and left a forwarding address with the post office in Dumas, Texas. Neither of the Plaintiffs specifically notified the IRS office serving Dumas, Texas, that communications regarding their 1970 returns should be directed to them in New Braunfels, but someone in the IRS knew of the new address at some point, as IRS agents visited Janet Needham at the New Braunfels address. Janet Needham did receive a deficiency notice or "90-day notice" at the New Braunfels address on her separate return, after such notice had been forwarded from Dumas, Texas, to which it was addressed. However, as the IRS admits in its Proposed Findings of Fact, John Needham did not actually receive his deficiency notice. Further, the United States does not have a copy of the notice in its files, nor does it have the return receipt which it ordinarily would have. The IRS's evidence that it mailed the notice consists of a computer print-out of encoded IRS information, explanations of the meaning of the print-out, and testimony and manuals of IRS practice. Normal IRS practice, the Court finds, is to mail the notice by certified or registered mail and to mail the notice to the address shown on the return in question, i.e., here to the Dumas, Texas, address, unless the local IRS office is actually notified that communications regarding that return should be directed elsewhere.

■ The taxpayer objected to the introduction of the computer print-out in evidence on the grounds that it was irrelevant to show a proper mailing. Further, the taxpayer has argued in his Proposed Findings and Conclusions, that the computer print-out is not competent business records evidence. However, Rule 803(8)(A), Federal Rules of Evidence, provides that government records setting forth the activities of a government agency are not objectionable as hearsay, even though they may not qualify as admissible business records under Rule 803(6). The computer print-out involved herein was explained in testimony to the satisfaction of the Court to be compe-

tent and relevant and trustworthy to show that a notice of deficiency had been sent to the taxpayer John Needham prior to the assessment and therefore may be considered by the Court. Further, based on the computer print-out taken together with all the other evidence, the Court finds that it is more likely than not that the deficiency notice was mailed to John P. Needham at his address in Dumas, Texas, by certified or registered mail at least 90 days before the date of the assessment on April 2, 1973.

■ The taxpayer complains that he did not receive the notice, but the statute, 26 U.S.C. § 6212, quoted *supra,* requires only proper mailing of the notice; it does not require receipt of the notice. *Zenco Engineering Corp. v. C.I.R.,* 75 T.C. 318, 321–322 (1980), and cases cited therein. The taxpayer does not assert that his failure to receive the notice was caused by mishandling of the mails by the post office which caused the notice to be diverted to the wrong address. *Id.,* at 322. Although the timely sending of the deficiency notice goes to the essence of the Commissioner's power to assess deficiencies, *Reddock v. C.I.R.,* 72 T.C. 21, 27 (1979), there is no limitation on the period in which the Commissioner can assess a deficiency where no return has been filed by the taxpayer. 26 U.S.C. § 6501(c)(3), quoted *supra.* This is true, even if an IRS agent files a return for the taxpayer. 26 U.S.C. § 6501(b)(3). Moreover, even if the taxpayer had filed a 1970 return, the notice was sent within the three-year period of limitation provided in 26 U.S.C. § 6501(a).

■ The taxpayer complains that the notice was not sent to his new address in New Braunfels. But there is no claim here, as in *Johnson v. C.I.R.,* 611 F.2d 1015 (Fifth Cir.1980), that the taxpayer had given the IRS notice of a fiduciary relation and requested the IRS to direct inquiries regarding the 1970 return to that fiduciary. Al-

though the taxpayer points out that some IRS agents knew of the New Braunfels address, there was no testimony showing that those agents were the ones working on his 1970 return deficiency, thereby charging the IRS with knowledge of a later address with respect to the 1970 return, in contrast to the situation in *Metas v. Gilmore,* 79–1 U.S. Tax Cas. ¶ 9297 (E.D.Pa.1979); or when the IRS visited Mrs. Needham at New Braunfels or the purpose of the visit. The IRS may generally rely on the address shown on the taxpayer's income tax return for the year in suit unless the taxpayer actually notifies the IRS of his change of address. The mere filing of a later return in a different IRS district does not give the IRS proper notice of a change of address. *Luhring v. Glotzbach,* 304 F.2d 556, 558 (Fourth Cir.1962). Even though later returns with a new address are processed at the same service center, unless the attention of the IRS is directed to the change of address in a clear and concise way, the IRS may still rely on the address of the taxpayer as shown on the return in question. *Butler v. District Director of Internal Revenue,* 409 F.Supp. 853, 856 (S.D.Tex.1975).

The Court concludes that the 90-day deficiency notice was properly sent to Plaintiff John P. Needham regarding his 1970 return. Hence, the Court may not enjoin the Defendants under 26 U.S.C. § 6213(a).

## STATUTE OF LIMITATIONS

■ The Plaintiff John P. Needham contends that even if the assessment is supported by proper notice of deficiency, collection upon the assessment is barred by the six-year statute of limitations in 26 U.S.C. § 6502,[1] which provides in pertinent part:

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limi-

1. Plaintiffs requested a permanent injunction in their original complaint, but the requested relief is not clearly set out in the superseding pretrial order. Assuming that the taxpayer was entitled to an injunction under 26 U.S.C. § 6213(a), although the Court has determined otherwise, the taxpayer would not be entitled to an injunction restraining the IRS from ever assessing and collecting the tax owed, as the taxpayer has failed to file a return, and therefore the IRS would be free of any period of limitation in the assessment of a deficiency. *See* 26 U.S.C. § 6501(b)(3) and (c)(3), discussed under the previous heading.

tation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

> (1) within 6 years after the assessment of the tax, . . .

> \*　　\*　　\*　　\*　　\*　　\*

However, the IRS asserts that the Court has no subject matter jurisdiction of a cause of action based on the statute of limitations where the taxpayer seeks an injunction. The Court agrees. *Stonecipher v. Bray,* 653 F.2d 398 (Ninth Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297; *Kirtley v. Bickerstaff,* 488 F.2d 768 (Tenth Cir.1973), *cert. denied,* 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides:

> (a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a) [where no deficiency notice has been given], 6672(b) [failure to collect withholding tax and pay over to IRS], 6694(c) [preparers of tax returns], 7426(a) and (b)(1) [persons other than the taxpayer], and 7429(b) [unreasonable jeopardy assessments], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

As none of the statutory exceptions apply in the instant case, the Court concludes that the Anti-Injunction Act applies and that the Court has no subject matter jurisdiction to grant an injunction on the basis of the statute of limitations.

## DOES WILLIAMS PACKING CO. APPLY?

There is one common law exception to the Anti-Injunction Act. In *Enochs v. Williams Packing Co.,* 370 U.S. 1, 6–7, 82 S.Ct. 1125, 1128–29, 8 L.Ed.2d 292 (1962), a taxpayer sought an injunction against collection of unlawful taxes on the ground that payment would cause its business to be financially ruined, asserting that even though it would eventually win a suit for a refund, the temporary loss of the use of its capital would destroy it. The Supreme Court held

that such irreparable injury, together with having no adequate remedy at law in a suit for refund of taxes paid, merely satisfied the ordinary grounds for equity jurisdiction. Such ordinary equity jurisdiction was held to be exactly what the Anti-Injunction Act, 26 U.S.C. § 7421(a) withdrew from the courts. However, the Court said that the Anti-Injunction Act would not apply if the Plaintiff could prove that under no circumstances could the Government ultimately prevail on the issue of the taxpayer's liability, as the statute is designed to protect the revenue without permitting arbitrary, bad faith "exactions" in "the guise of a tax."

In the instant case, the Court concludes that the taxpayer John P. Needham has entirely failed to prove either element of this exception. There are no grounds for ordinary equity jurisdiction, and there is no suggestion in the evidence of an arbitrary exaction.

## JANET NEEDHAM

Plaintiff Janet Needham claims that the IRS has wrongfully levied on her property to obtain satisfaction of the tax allegedly owed by her husband. If such is the case, the statute clearly gives her a right to relief, including the relief of injunction where appropriate. 26 U.S.C. § 7426, in pertinent part, provides:

> Section 7426. Civil actions by persons other than taxpayers.

> (a) Actions permitted.—

> (1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

> \*　　\*　　\*　　\*　　\*　　\*

(b) Adjudication.—The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:

(1) Injunction.—If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

\*     \*     \*     \*     \*     \*

(f) Provision inapplicable.—The provisions of section 7422(a) (relating to prohibition of suit prior to filing claim for refund) shall not apply to actions under this section.

\*     \*     \*     \*     \*     \*

In the pretrial order, Plaintiffs' contention is stated to be that the Government is taking the money of Janet Needham by levy and is clouding her title to real property, owned jointly with her husband, by a tax lien. In the Plaintiffs' Proposed Findings of Fact, Mrs. Needham claims that she has some unspecified number of tax refunds due her which have been retained by the IRS and applied to the tax allegedly owed by her husband. In their Proposed Findings, the Plaintiffs also assert that her car has been levied on by the IRS.

There was no evidence at trial that Mrs. Needham had any refunds coming to her due to overpayment of tax, that any such refunds had been retained by the IRS, that, even if they had been retained, that they were being applied by the IRS to the tax owed by her husband, or that her car had been levied on by the IRS. Nor was there evidence that she owned any real estate, whether any real estate she owned was in joint tenancy with her husband or in any other form of title, or that the IRS had sought to foreclose its tax lien on property owned by both Plaintiffs or otherwise was attempting to levy on the real estate of the Plaintiff Janet Needham. The only evidence in this regard was a tax lien on the property of Plaintiff John P. Needham which the IRS had filed in the office of the county clerk for Oklahoma County. The IRS contends that it is not seeking to levy upon the property of Janet Needham to satisfy tax owed by John P. Needham.

■ Assuming that Janet Needham does own non-homestead property in joint tenancy with her husband, the Court concludes that, under the statute quoted above, it could not enjoin the IRS from levying on the interest of her husband in the property. Professor Reynolds opines that, given the basic nature of joint tenancy, any creditor of one joint tenant may levy execution on the interest of that joint tenant in the property and thereby effect a severance of the joint tenancy or an "involuntary conveyance" if execution is levied during the life of the debtor joint tenant. Reynolds, *Co-Ownership of Property in Oklahoma,* 27 Okla.L.Rev. 585, 592 (1974).

Such joint tenancy is distinguishable from the joint interest in the case cited by the Plaintiffs for the proposition that a spouse could quash a warrant of distraint of a joint bank account to satisfy the tax of one spouse. The Plaintiffs cited the case of *Rothensies v. Ullman,* 110 F.2d 590 (C.A.2, 1940). There is no such case, but the Court did read the case of *Raffaele v. Granger,* 196 F.2d 620 (Third Cir.1951), in which the Court of Appeals held that a spouse could quash a warrant of distraint of a bank account held in tenancy by the entireties under Pennsylvania law. Tenancy by the entireties was a form of title which existed at common law but no longer exists in Oklahoma.[2]

---

2. Any wage or salary income earned by either of the Plaintiffs while resident in the State of Texas is community property and therefore, from the moment it is earned by either spouse in a marriage, it belongs one-half to each spouse. *Johnson v. C.I.R.,* 72 T.C. 340 (1979). Ever since *Bender v. Pfaff,* 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252 (1930), Federal tax law has made the wife responsible for Federal income taxes on one-half of the husband's earnings, even though she has no control over such earnings and may never see them or know their amount. *United States v. Mitchell,* 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971);

■ There is some suggestion in the trial brief of the Plaintiffs, though not in the evidence, that the tax lien filed in Oklahoma County would affect the homestead right of Janet Needham in property owned wholly or in part by John P. Needham. Assuming that this is the case, the Court has no authority to enjoin the IRS to release the tax lien as to the homestead. The Court might, in its discretion, enjoin the foreclosure of such a lien on a homestead and the sale of the homestead property, *United States v. Hershberger,* 475 F.2d 677, 682 (Tenth Cir.1973); *Jones v. Kemp,* 144 F.2d 478 (Tenth Cir.1944); *Morgan v. Moynahan,* 86 F.Supp. 522 (S.D.Tex.1949); *Bigley v. Jones,* 64 F.Supp. 389, 391 (W.D.Okl. 1946); but the Federal tax lien statute is mandatory, saying that it "shall" attach to all property of the taxpayer, 26 U.S.C. § 6321, and it therefore may attach to the interest of the taxpayer John P. Needham in property in which Janet Needham may have a homestead interest. *Tillery v. Parks,* 630 F.2d 775 (Tenth Cir.1980). There is no evidence that the IRS is levying on Janet Needham's homestead or attempting to foreclose its tax lien on her homestead. Hence, the Court concludes that Janet Needham is entitled to no relief.

A judgment will be entered accordingly.

Brent v. C.I.R., 630 F.2d 356 (Fifth Cir.1980); Bagur v. C.I.R., 603 F.2d 491 (Fifth Cir.1979); see generally, 3 Mertens, Law of Federal Income Taxation (1981), § 19.01 et seq. In addition, although the Plaintiffs changed residency from Texas to Oklahoma in 1977, property acquired as community property would retain its community property character, belonging one-half to each spouse, and the half owned by John P. Needham, though held in the name of Janet Needham, would still be reachable to satisfy his tax liabilities. See Short v. United States, 395 F.Supp. 1151 (E.D.Tex.1975). However, not only is there no evidence that the Plaintiff Janet Needham owns real estate or has overpaid withholding tax on her earnings or that her car or other property has been levied upon, there is no evidence as to whether any property she claims to own was acquired in Oklahoma or in Texas.