UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT L. THEEDE,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT
OF LABOR; DEPARTMENT OF
VETERANS AFFAIRS; ROBERT B.
REICH, Secretary of Labor; OFFICE
OF WORKERS' COMPENSATION
PROGRAMS; WILLIAM L.
ROBERTS; CLARENCE H. NIXON;
WAYNE D. THOMPSON; DEAN R.
STORDAHL; AUSMA S.
BLUMENTHAL; NEAL C. LAWSON;
N. DIXON,

    Defendants - Appellees.

98-1071
(D. C. No. 97-B-388)
(D. Colo.)

ORDER

Filed April 13, 1999

Before **BRORBY, EBEL** and **LUCERO**, Circuit Judges.

Appellees' petition for rehearing filed March 3, 1999, is granted.

The Order and Judgment filed February 16, 1999, is hereby recalled and the mandate was recalled on March 15, 1999.

The replacement opinion is attached hereto, and, on the court's own motion, it has been ordered published.

Entered for the Court

PATRICK FISHER
Clerk of Court

By:
      Keith Nelson
      Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

APR 13 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT L. THEEDE,

     Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF LABOR; DEPARTMENT OF
VETERANS AFFAIRS; ROBERT B.
REICH, Secretary of Labor; OFFICE
OF WORKERS' COMPENSATION
PROGRAMS; ANDREW THARP;
WILLIAM L. ROBERTS;
CLARENCE H. NIXON; WAYNE D.
THOMPSON; DEAN R. STORDAHL;
AUSMA S. BLUMENTHAL; NEAL
C. LAWSON; N. DIXON,

     Defendants-Appellees.

No. 98-1071

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-B-388)**

Submitted on the briefs:[*]

Robert L. Theede, Pro Se.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

Henry L. Solano, United States Attorney and Michael E. Hegarty, Assistant United States Attorney, Denver, Colorado.

Before **BRORBY, EBEL** and **LUCERO**, Circuit Judges.

**EBEL**, Circuit Judge.

Robert Theede ("Theede"), formerly a dentist for the Veterans Administration, appeals from the district court's order dismissing his claims under the Federal Employees Compensation Act ("FECA") and the Federal Tort Claims Act ("FTCA"). Because Theede failed to timely object to the magistrate's recommendation to dismiss his claims, he waived his right to appellate review. Accordingly, we dismiss his appeal.

 Background

Beginning in 1974, Theede worked as a dentist for the Veterans Administration. In 1983, he started experiencing problems. He was written-up for insubordination, reassigned to work he considered less desirable, and monitored by supervisors. As a result of these events, in 1984, Theede filed an EEOC complaint alleging age discrimination. The following year he filed for disability. Finally, in 1986, Theede was terminated after a medical evaluation found that he was "not medically fit to carry out the full range of his duties as a dentist." At that time, he

was informed of his right to apply for disability retirement through the Office of Personnel Management, which he did.

In 1991, the Department of Labor informed Theede that he was entitled to benefits under the FECA retroactive to July 1986. Theede immediately elected to receive such benefits. While the record is not entirely clear on this point, it appears that Theede continued to receive benefits under FECA until June 1, 1996, when he received a termination letter stating that "[t]he incidents initially accepted in this claim are not considered under the [FECA] to have arisen in and out of the course of the performance of Federal duty." On June 23, 1996, alleging a barrage of injustices forced upon him since the early-1980s, Theede filed a "Claim for Relief" before the Department of Labor seeking $8,600,000. From the record before us, it is unclear how the Department of Labor responded, but it is safe to assume Theede's claim was denied.[1]

Thereafter, on February 26, 1997, Theede filed suit in the United States District Court for the District of Colorado raising claims under FECA, FTCA, the Age Discrimination and Employment Act ("ADEA"), and Title VII of the Civil

---

[1]According to the magistrate's recommendation, Theede appealed the June 1, 1996 letter decision, a hearing was held in June 1997, and on August 5, 1997, the Department of Labor affirmed the decision terminating Theede's benefits, through its Office of Workers' Compensation Programs. The August 5, 1997 decision informed Theede that he had 90 days from the date of the decision to appeal to the Employees' Compensation Appeals Board. Theede has presented no evidence that he did so.

Rights Act of 1964 ("Title VII"). On May 13, 1997, the district court dismissed Theede's ADEA and Title VII claims as barred by res judicata. On June 24, 1997, Theede filed an "Amended Complaint" attempting to revive his dismissed ADEA and Title VII claims. On September 22, 1997, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On October 6, 1997, the district court referred defendants' motion to dismiss to the magistrate judge for a recommendation. After continued motion practice and a hearing, on October 31, 1997, the magistrate judge issued an order for Theede to show cause why his suit did not violate Rule 11 of the Federal Rules of Civil Procedure and why "his continued litigation against the Veterans Administration and its employees is not for the purpose of harassment." In the order to show cause, the magistrate noted that Theede "has previously filed lawsuits against the [defendants named in the instant suit]," and that the "United States Court of Appeals, Ninth Circuit, has entered six opinions on appeals by Dr. Theede" which possibly preclude his present action.

On December 2, 1997, the magistrate judge issued his recommendation that Theede's Amended Complaint be dismissed and that Theede be barred from filing any further complaints against the Department of Labor or the individual defendants unless represented by counsel. Specifically, the recommendation noted that the "law

is well established that the federal court is barred from reviewing decisions under [FECA]," and "[n]o where in the Amended Complaint does Theede set forth facts or allegations of a Federal Tort." The recommendation advised the parties that they "shall have ten (10) days after service hereof to serve and file written, specific objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge with the District Judge assigned to the case." The recommendation further advised the parties of the consequences of failing to object:

> A party's failure to file such written, specific objections to the findings of fact, conclusions of law and recommendations of the Magistrate Judge as set forth in this document will bar the party from a de novo determination by the District Judge. Additionally, the failure to file written, specific objections to the findings of fact, conclusions of law or recommendations of the United States Magistrate Judge in this document within ten (10) days after being served with a copy will bar appellate review of the findings of fact, conclusions of law or recommendations of the Magistrate Judge.

Neither party objected to the magistrate's recommendation, and on December 26, 1997, the district judge issued an order granting the defendants' motion to dismiss the amended complaint and barring Theede from filing any further complaints against the named defendants unless represented by counsel. On January 12, 1998, Theede filed a motion for reconsideration, in which he claimed, inter alia, that he was "unaware" of the magistrate's December 2, 1997 recommendations, thus was not permitted to respond. That motion was denied by the district court the same day. On January 23, 1998, Theede filed an Affidavit of Defective Service of

- 5 -

Document, claiming that he did not receive the magistrate's recommendation until January 22, 1998. He noted that service of the recommendation was effectuated by mailing it to Theede's street address at the 80202 zip code, when his proper zip code is 80246. He claimed the errant address resulted in his not receiving the recommendation, thus he requested an additional 10 days to respond. The district court struck this document by minute order on January 26, 1998. On February 2, 1998, Theede filed his response to the magistrate's recommendations, which the district court struck as untimely. Theede filed his notice of appeal on February 23, 1998.

Because the magistrate's recommendation was mailed to Theede's last known address, he was properly served on December 2, 1997. Any delay in receiving the magistrate's recommendation resulted from Theede's failure to correct or change his address in a clear and concise way likely to bring it to the court's attention. Theede failed to object to the recommendation in a timely manner. Accordingly, he waived his right to appellate review and we DISMISS.

Waiver

The Department of Labor claims that Theede waived his right to appeal dismissal of his complaint by failing to object to the magistrate's recommendation within ten days. As noted, the magistrate's recommendation was filed on December

2, 1997. It contained a provision advising the parties that they "shall have ten (10) days after service hereof to serve and file written, specific objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge with the District Judge assigned to the case." The recommendation further advised the parties that "failure to file written, specific objections to the findings of fact, conclusions of law or recommendations of the United States Magistrate Judge in this document within ten (10) days after being served with a copy will bar appellate review . . . ." Thus, the recommendation properly advised the parties of the consequences of failing to timely object. See Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Accordingly, we should apply our "firm waiver rule" if Theede failed "to object to the findings and recommendations of the magistrate" in a timely manner. See Moore, 950 F.2d at 659.

Theede admits he did not file his objections to the recommendation until February 2, 1998. While the time between December 2, 1997 until February 2, 1998 is clearly more than the ten days permitted to file objections to the recommendations, Theede claims his untimeliness should be excused because he "was not served with a copy of such recommendation of the United States magistrate until January 22, 1998."

Without doubt, the magistrate's recommendation keyed waiver of appellate review to service: "failure to file written, specific objections . . . within ten (10) days <u>after being served</u> with a copy will bar appellate review." (emphasis added). Thus, the first question we must answer is when was Theede served. The Magistrate's recommendation mimics the language of Rule 72 of the Federal Rule of Civil Procedure, which requires objections to be filed "[w]ithin 10 days after being served with a copy of the magistrate judge's order."

Rules 5 and 6 of the Federal Rules of Civil Procedure define "service." Rule 5(b) states that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or party <u>or by mailing it to the attorney or party at the attorney's or party's last known address</u> . . . ." (emphasis added). Rule 6 modifies both Rule 5 and Rule 72. First, Rule 6(a) states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Because Rule 72 permits only 10 days for objections to a magistrate's recommendation, Rule 6 excludes Saturdays, Sundays, and legal holidays from that 10 day period. Further, Rule 6(e) states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Thus, because the magistrate's recommendation

was served on Theede by mail, the period for his response must be enlarged by 3 days.

Service by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United States Post Office or in a Post Office Box. See Fed. R. Civ. P. 5(b) ("Service by mail is complete upon mailing."); Greene v. WCI Holdings Corp., 136 F.3d 313, 315 (2d Cir.), cert. denied, 119 S. Ct. 448 (1998); United States v. Kennedy, 133 F.3d 53, 59 (D.C. Cir.), cert. denied, 119 S. Ct. 255 (1998); Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988). Therefore, Theede's argument that he was not served until he received the magistrate's recommendation on January 22, 1998 has no force. However, Theede contends that the magistrate's recommendation was mailed to an incorrect address, thus arguably it was not mailed to Theede's "last known address" as Rule 5(b) requires. The magistrate's recommendation was mailed to Theede's street address with the 80202 zip code; Theede's correct zip code is 80246. Thus, the magistrate's recommendation was mailed to the wrong address.

However, the appellees respond that any confusion regarding Theede's address emanated from his use of "no fewer than five different zip codes for his address . . . [in] Denver, CO: 80202, 80212, 80222, 80241, and 80246." According to the Local Rules of the United States District Court for the District of Colorado: "The address of a party shall appear on the first paper filed by an attorney on behalf of that party

- 9 -

or by the party pro se." D.C.COLO.LR 5.1.K. Further, the local rules require "[w]ithin ten days after any change of address or telephone number of any attorney or party, notice of the new address and telephone number shall be filed." D.C.COLO.LR 5.1.L. In the record on appeal before this court, Theede failed to include the original complaint he filed in the district court. Thus, for the purposes of this appeal, the "first paper filed" by Theede is his Amended Complaint, filed June 24, 1997, on the front page of which he listed his zip code as 80202. Theede has failed to demonstrate that he ever filed "notice of [his] new address" with the district court. Instead, he implicitly argues that the district court should have examined, on its own initiative, the address he used in later filings and extracted from those papers Theede's proper zip code. However, we believe the District of Colorado Local Rules place the burden on the parties to formally direct the attention of the court to any change of address. Cf. Gille v. United States, 33 F.3d 46, 47 (10th Cir. 1994) (IRS "entitled to rely on the address used on the return for the tax year in question," unless "taxpayer can prove that he or she has provided clear and concise notice of a new address"); Tadros v. Commissioner of Internal Revenue, 763 F.2d 89, 91 (2d Cir. 1985) ("it becomes the responsibility of the taxpayer to communicate to the commissioner a 'clear and concise notification' of any change in address." (quoting Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984))); St. Louis v. Alverno College, 744 F.2d 1314, 1316 (7th Cir. 1984) ("The burden of

- 10 -

providing the EEOC with change of address [in Title VII action] is minimal. It is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct." (emphasis added)); Needham v. United States, 564 F. Supp. 419, 422 (W.D. Okla. 1983) ("The IRS may generally rely on the address shown on the taxpayer's income tax return for the year in suit unless the taxpayer actually notifies the IRS of his change of address. The mere filing of a later return in a different IRS district does not give the IRS proper notice of a change of address. . . . [U]nless the attention of the IRS is directed to the change of address in a clear and concise way, the IRS may still rely on the address of the taxpayer as shown on the return in question." (emphasis added)).

It would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party. The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change. Subtle changes of address, buried in the affirmation portion of papers filed with the court cannot suffice. The fact that Theede is acting pro se does not eliminate this burden. See Crawford v. Doe, Civ. A. No. 87-1211 SSH, 1987 WL 20245, at *1 (D.D.C. Nov. 6, 1987) ("Local Rule 106(d) requires a party not represented by counsel, such as

plaintiff, to file with the Court a notification of change of address within 10 days of the change. The fact that plaintiff is acting pro se does not discharge his duties to 'abide by the rules of the court in which he litigates.'" (quoting <u>Carter v. Commissioner of Internal Revenue</u>, 784 F.2d 1006, 1008 (9th Cir. 1986))).

In light of Theede's failure to direct the district court's attention to any change of address, the court reasonably concluded that Theede's "last known address" was in the 80202 zip code. That is the address to which the magistrate's recommendation was sent. Consequently, Theede was served according to the Federal Rules of Civil Procedure on December 2, 1997. Excluding Saturdays and Sundays and adding 3 days because the recommendation was served by mail, Theede's time to object to the magistrate's recommendation expired on December 19, 1997. As he acknowledges, Theede did not file his objections to the magistrate's recommendation until February 2, 1998.

Thus, under our "firm waiver rule," Theede waived his right to appellate review. <u>See</u> <u>Moore</u>, 950 F.2d at 659. This rule applies to pro se litigants so long as they were "properly informed of the consequences of [their] failure to object." <u>Fottler v. United States</u>, 73 F.3d 1064, 1065 (10th Cir. 1996). However, "[w]e may make an exception to this rule, where the interests of justice so require." <u>Id.</u>

In this case, the interests of justice militate against making an exception to the rule. First, Theede himself was the source of all the confusion about his proper zip

code. He submitted no less than five different zip codes for the same street address, without ever formally advising the court of any change of address or address correction.

Second, Theede has presented no evidence that he attempted to obtain the magistrate's recommendation after learning about it by way of the district court's order adopting the recommendation and dismissing Theede's amended complaint. On January 12, 1998, after receiving the district court's order of December 26, 1997 adopting the magistrate's recommendation (which was mailed to the 80202 zip code like all other court correspondence), Theede filed a Motion for Reconsideration, in which he stated: "Plaintiff is unaware of Magistrate Judge Abram's recommendations on December 2, 1997, and therefore was not permitted to respond to such recommendations, whatever they may have been." However, Theede has failed to identify any efforts he made to obtain the magistrate's recommendation after being made aware of its existence.

Third, after our review of the record and the law, we are convinced that on the merits Theede's claims are suspect at best. We agree with the magistrate's recommendation, as adopted by the district court, that Theede's FECA claims are not reviewable in the federal courts and his FTCA claims either are directed at the incorrect parties or are barred by res judicata.

Accordingly, we conclude that the interests of justice do not require that we overlook Theede's failure to object to the magistrate's recommendation in a timely manner. As such, we find that Theede waived his right to appeal and we DISMISS.[2]

---

[2]Further, we deny appellant's "Motion For Leave of the Appellate Court For Clarifications Before a District Court Judge and to Remand," his "Motion For Leave of the Appellate Court For the Deposition of John A. Sbarbaro," and his "Motion for Sanctions Pursuant to Fed. R. App. P. Rule 40, Tenth Circuit Rule 40.1."