**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEOBARDO MORALES-RAMIREZ,

      Defendant-Appellant.

No. 12-2042
(D.C. No. 1:05-CR-00920-JB-2)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Leobardo Morales-Ramirez appeals pro se the district court's denial of his

Motion for Return of $3,100 under Fed. R. Crim. P. 41(g). Exercising jurisdiction

under 28 U.S.C. § 1291, we dismiss the appeal in accordance with this court's firm

waiver rule.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Morales-Ramirez was arrested on April 12, 2005, in the Southern District of California, based on a federal arrest warrant issued in New Mexico. At the time of his arrest, federal officers seized $1,642 in currency from his person and $1,500 from his residence in San Diego, California. A federal grand jury returned a two-count superseding indictment against Morales-Ramirez in July 2005, charging him with conspiracy and possession with intent to distribute more than one kilogram of heroin. In August 2005, the Drug Enforcement Administration issued declarations of forfeiture for the currency that was seized from Morales-Ramirez pursuant to 21 U.S.C. § 881, declaring the property forfeited under 19 U.S.C. § 1609. Morales-Ramirez proceeded to trial in February 2006 in the United States District Court for the District of New Mexico (USDC-NM). A jury found him guilty on both counts in the superseding indictment, and the district court sentenced him to 240 months' imprisonment.

On April 13, 2010, Morales-Ramirez filed a pro se motion in the USDC-NM seeking return of $3,100 seized from him in April 2005. The district court referred the motion to a magistrate judge, who issued a report and recommendation (R&R) on May 13, 2011. The R&R construed Morales-Ramirez's motion as brought pursuant to Fed. R. Crim. P. 41(g), which provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual

issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Because Rule 41(g) states that "[t]he motion must be filed in the district where the property was seized," *id.*, and there was no dispute that the currency was seized from Morales-Ramirez in the Southern District of California, the magistrate judge concluded that the USDC-NM did not have jurisdiction to order a return of the property. The R&R also concluded that transfer of the matter to the Southern District of California was not feasible because Morales-Ramirez had filed his motion under the criminal procedure rules in a closed criminal case. The R&R therefore recommended dismissal of Morales-Ramirez's motion without prejudice based on a lack of jurisdiction. It also advised the parties that they must file written objections within fourteen days of service of the R&R in order to preserve their right to appellate review of its findings and recommendations.

Neither party objected to the R&R. On February 23, 2012, after de novo review, the district court adopted the R&R and denied Morales-Ramirez's motion without prejudice. On March 8, 2012, Morales-Ramirez filed a document titled, among other things, "Notice of Appeal," which the district court construed as a notice of appeal directed to its denial of his Rule 41(g) motion. Like the district court, we construe Morales-Ramirez's March 8, 2012, filing as a notice of appeal.

## II.

We must first resolve whether Morales-Ramirez waived appellate review by failing to file objections to the magistrate judge's R&R. "This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotation and brackets omitted). Under this rule, "the failure to make timely objection waives appellate review of both factual and legal questions." *Id.* (quotation and ellipsis omitted). But

> [w]e may . . . grant relief from the rule in the interests of justice. Among the factors this court has considered in determining whether to invoke the interests-of-justice exception are [1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.

*Id.* (citation, quotations, and brackets omitted).

We ordered Morales-Ramirez to show cause why this appeal should not be dismissed on the basis of firm waiver. As to the first two factors, Morales-Ramirez responds only that the R&R was not served on him. He does not, however, present any evidence that there were problems with delivery of mail to him at the address in the district court's records. *See id.* at 1124 (considering pro se party's assertion of mail-delivery problems as supporting plausibility of his claim he did not receive R&R). The government replies with its assumption that the district court would have served Morales-Ramirez with the R&R in the ordinary course of the court's business.

- 4 -

But the government also acknowledges there was no certificate of service attached to the R&R.

Although Morales-Ramirez does not point to it, the record further reflects that he did not fail to respond to other filings in this proceeding. *See id.* (considering pro se party's attentive responses to other filings). He filed a reply to the government's response to his motion, and seven days *after* the magistrate judge issued the R&R, he filed a further reply to a supplemental response submitted by the government. The latter filing suggests that Morales-Ramirez had not yet received the R&R at that time.

Morales-Ramirez was nonetheless aware, per the district court's order referring his motion to a magistrate judge, that the magistrate judge would be issuing an R&R and that he would have an opportunity to file objections to it within fourteen days. And he was certainly aware of the existence of the R&R once he received the district court's order adopting it. Yet Morales-Ramirez presents no evidence that he ever contacted the district court regarding his failure to receive a copy of the R&R— either before or after the district court's order, or even after receiving this court's order to show cause. *Compare Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (declining to apply interests-of-justice exception where pro se party "failed to identify any efforts he made to obtain the magistrate's recommendation after being made aware of its existence"), *with Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (applying exception where pro se party requested copy

of R&R after this court informed him it was considering summary dismissal based on his failure to file objections), *and Casanova*, 595 F.3d at 1124 (applying exception where pro se party claiming non-receipt of R&R inquired numerous times about filings in the district court). Thus, we conclude that the first and second factors weigh against Morales-Ramirez.

And the third factor—the importance of the issues raised—also weighs against Morales-Ramirez.

> When we consider whether the importance of the issues raised might trigger the interests of justice exception, we have said that, in many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error. To show plain error, [Morales-Ramirez] would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (citation, quotations and brackets omitted). We cannot say that the district court's denial of Morales-Ramirez's Rule 41(g) motion based on a lack of jurisdiction was plain error. The rule plainly states that such motions "must be filed in the district where the property was seized." *Id.*

### III.

Morales-Ramirez has not established that his circumstances warrant application of the interests-of-justice exception to the firm waiver rule. Accordingly, Morales-Ramirez has waived appellate review by failing to file timely objections to the magistrate judge's report and recommendation. The appeal is DISMISSED.

Entered for the Court


David M. Ebel
Circuit Judge