FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2013**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALEMAYEHU GETACHEW,

Plaintiff–Appellant,

v.

7–ELEVEN, INC.,

Defendant–Appellee.

No. 12-1403
(D.C. No. 1:11-CV-02421-REB-MJW)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Alemayehu Getachew, proceeding pro se, appeals the district court's dismissal of his complaint based on the recommendation issued by the magistrate judge.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before turning to the merits of Plaintiff's arguments, we must first address whether Plaintiff waived appellate review by failing to file objections to the magistrate judge's recommendation.

This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (internal quotation marks omitted). Under this rule, "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). "However, the waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Id.* (internal quotation marks and brackets omitted).

In response to an order to show cause why he has not waived appellate review, Plaintiff maintains he "did not receive the magistrate judge's recommendation and is totally unaware of this point. The said procedural defect should not be applied." (Answer to Order to Show Cause at 1.) He further states that "this is not the first time [he] was not served the District Court's order." (*Id.*) However, a thorough review of the record convinces us that the circumstances do not warrant application of the interest-of-justice exception to the firm waiver rule. Even if Plaintiff did not receive a copy of the magistrate judge's recommendation, he was nevertheless put on notice that it had been issued. On August 30, 2012, Defendant filed a motion for summary judgment.[1]

---

[1] At the time Defendant filed its motion for summary judgment, the district court had not yet adopted the magistrate judge's recommendation. As Defendant explained, it

Defendant began by noting that the motion for summary judgment would become moot if the district court adopted the magistrate judge's recommendation. Specifically, Defendant stated "Magistrate Judge Watanabe issued a Recommendation on Defendant 7-Eleven, Inc.'s Motion to Dismiss (ECF No. 10) . . . on August 8, 2012, (ECF No.83), recommending that 7-Eleven's motion to dismiss be granted in its entirety. To date, Plaintiff has not filed objections to the report and recommendation." (R. at 505.) Plaintiff unquestionably received Defendant's Motion for Summary Judgment, given that he filed a response on September 10, 2012—two weeks before the district court adopted the magistrate judge's recommendation. Despite this fact, Plaintiff did not address his failure to file an objection. Plaintiff has furthermore presented no evidence that he ever contacted the district court regarding his alleged failure to receive a copy of the recommendation—either before or after the district court issued its order adopting the recommendation, or even after receiving this court's order to show cause. Moreover, Plaintiff's opening brief, filed after he responded to the order to show cause, makes no reference to the magistrate judge's recommendation and fails to address the applicability of the relevant statutes of limitation, the basis on which his complaint was dismissed.

Accordingly, we conclude the interests of justice do not require that we overlook Plaintiff's failure to object to the magistrate judge's recommendation. *See Theede v. U.S.*

---

filed the motion for summary judgment to comply with "[t]he original Scheduling Order[, which] set a deadline of August 31, 2012, for the filing of dispositive motions" and had not been amended. (R. at 505.)

*Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (refusing to apply the interest-of-justice exception in part because the plaintiff "presented no evidence that he attempted to obtain the magistrate's recommendation after learning about it by way of the district court's order adopting the recommendation and dismissing [his] amended complaint"). As such, we conclude Plaintiff waived his right to appeal, and we **DISMISS**. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge