FILED
United States Court of Appeals
Tenth Circuit

December 26, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES ARTHUR FAIRCLOTH,

    Plaintiff - Appellant,

v.

JOHN HICKENLOOPER; RICK
RAEMISCH; SUSAN TIONA;
JULIE RUSSELL; BRIAN
HOFFMAN; MARK WEINPAHL;
GISELA WALKER; HELENE
CHRISTNER; CORRECTIONS
HEALTH PARTNERS, INC. (CHP);
DAVIS BOOTH; CABLING; JUDY
BREZENDINE; RENAE JORDAN,

    Defendants - Appellees.

No. 18-1212
(D.C. No. 1:16-CV-02929-RM-STV)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

---

[*]    None of the parties request oral argument, and we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited as otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

Mr. James Faircloth sued under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. The district court ordered dismissal without prejudice for failure to diligently prosecute the suit. When Mr. Faircloth refiled, the defendants argued that the limitations period had expired. The district court has not yet decided whether the new filing is timely.

With uncertainty over how the court will rule on timeliness of the new suit, Mr. Faircloth appeals the dismissal of the first suit and asks us to postpone a decision until he learns how the district court will rule in the new suit. Rather than postpone a decision, we affirm the dismissal: Regardless of whether the new suit can proceed, the dismissal of the first suit fell within the district court's discretion.

1.  **Mr. Faircloth goes missing, and the district court dismisses the first suit.**

The dismissal in the first suit stemmed from Mr. Faircloth's failure to provide the district court with a current mailing address. Mr. Faircloth was an inmate in a Colorado prison when he filed the complaint. After filing the complaint, Mr. Faircloth had an obligation to inform the district court within five days of a change in his address. D. Colo. LCivR 5.1(c).[1]

After filing the complaint, Mr. Faircloth changed addresses twice. The first change took place when the state transferred Mr. Faircloth to a

---

[1]    The district court mailed the local rules to Mr. Fairchild.

2

community corrections center. Upon the transfer, Mr. Faircloth filed a notice providing his new address to the court. The second change occurred when Mr. Faircloth left the community corrections center without permission and concealed his whereabouts. Not surprisingly, he failed to file the required notice of his new address.

The court continued trying to manage the case but couldn't communicate with Mr. Faircloth until he revealed his new address. So the magistrate judge issued a show-cause order, requiring Mr. Faircloth to show cause within three weeks why the suit shouldn't be dismissed for failure to prosecute. In the order, the magistrate judge warned that a failure to timely comply would result in a recommendation of dismissal. The order could not be delivered to Mr. Faircloth, who was not present at his last known address.

The magistrate judge then tried to conduct a telephonic conference on the show-cause order, again sending a notice to Mr. Faircloth and warning that a failure to participate would result in a recommendation to dismiss the case. Like the prior orders, this notice could not be delivered to Mr. Faircloth because he wasn't at his last known address.

Mr. Faircloth was eventually found and arrested. When he returned to prison, he notified the court of his new housing assignment and stated that he wanted to resume the suit. But it was too late; the court had already dismissed the suit and entered a final judgment.

3

**2.      Mr. Faircloth may proceed in forma pauperis.**

To appeal, Mr. Faircloth needed to prepay the filing fee or obtain leave to proceed in forma pauperis. Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(1). He requests leave to proceed in forma pauperis, and we grant this request.

We permit leave to proceed in forma pauperis when the appellant cannot prepay the filing fee and brings the appeal in good faith. 28 U.S.C. § 1915(a)(1), (a)(3); Fed. R. App. P. 24(a)(5). Mr. Faircloth satisfies these requirements. His prison trust account statement shows a negative balance of almost $7,000, so he cannot prepay the filing fee; and we do not question Mr. Faircloth's good faith. We therefore grant leave to proceed in forma pauperis.

**3.      The district court reasonably exercised its discretion in ordering dismissal.**

The district court can order dismissal under Rule 41(b), which allows the court to dismiss an action *sua sponte*. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). When the dismissal is with prejudice, the court should consider five factors recognized in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992):

1.   "the degree of actual prejudice to the defendant,"

2.   "the amount of interference with the judicial process,"

3.   "the culpability of the litigant,"

4

4. "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and

5. "the efficacy of lesser sanctions."

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal quotation marks omitted). Consideration of these factors is ordinarily unnecessary when the dismissal is without prejudice. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

The threshold issue is whether the district court needed to consider the *Ehrenhaus* factors even though the dismissal was without prejudice. Because the dismissal was without prejudice, these factors would ordinarily be unnecessary here. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007). But Mr. Faircloth points out that the defendants challenge the new suit based on timeliness. We therefore assume, for the sake of argument, that the dismissal was the functional equivalent of a dismissal with prejudice. *See Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("Dismissal with leave to reinstate would have been no sanction unless the statute of limitations had run, in which event it would have been the equivalent of dismissal with prejudice."); *see also Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000) (stating that the dismissal without prejudice operated as a dismissal with prejudice

5

because the statute of limitations had expired). This assumption would require consideration of the *Ehrenhaus* factors.

In reviewing the district court's application of the *Ehrenhaus* factors, we apply the abuse-of-discretion standard. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161–62 (10th Cir. 2007). The district court concluded that all of the *Ehrenhaus* factors supported dismissal. This conclusion fell within the district court's proper use of discretion for five reasons.

First, the court determined that the defendants had suffered actual prejudice from the delay and uncertainty. This determination was reasonable, for we have recognized prejudice from "delay and mounting attorney's fees." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

Second, the court found that Mr. Faircloth had significantly interfered with the judicial process. For this finding, the court relied on Mr. Faircloth's failure to answer the show-cause order or to participate in the telephone conference. Mr. Faircloth disagrees, contending that the district court could have abated the suit and revisited the status in 3–6 months. But abeyance would have delayed the proceedings for the other parties and the district court. In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff "repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary

6

burdens on the court and the opposing party." *Id.* at 265. Given this holding, the district court did not abuse its discretion in applying the second *Ehrenhaus* factor.

Third, the court found that Mr. Faircloth had been solely responsible for his failure to update his address, to respond to the show-cause order, and to participate in the telephone conference. Mr. Faircloth chose to leave the community corrections center without permission and to withhold his new address. *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating that a plaintiff bore responsibility for the inability to receive the court's filings based on his failure to notify the court of his correct address).

On appeal, Mr. Faircloth seeks to excuse his conduct based on various mental illnesses. But the district court could reasonably have concluded that mental illnesses would not excuse the failure to comply with the orders. *See, e.g.*, *Smith v. McKune*, 345 Fed. App'x 317, 319–20 (10th Cir. 2009) (concluding that the district court had acted within its discretion in dismissing a suit when the plaintiff had blamed a mental illness for his failure to appear for a deposition).

Fourth, the magistrate judge warned Mr. Faircloth two times that a failure to comply could result in a recommendation of dismissal. Mr. Faircloth points out that he did not receive these warnings. But he could have received the warnings had he complied with the local rule requiring

7

him to update his address. Because he didn't, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service. *See* Fed. R. Civ. P. 5(b)(2)(C).

Finally, the district court concluded that no lesser sanction would have been effective. The court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address. With this uncertainty, the court reasonably concluded that dismissal was necessary.

\* \* \*

The court reasonably concluded that the five *Ehrenhaus* factors supported dismissal. The district court therefore did not abuse its discretion in dismissing the first suit.

**4.  The court also reasonably exercised its discretion in declining to alter or amend the judgment.**

The district court also denied Mr. Faircloth's motion to alter or amend the judgment in the first suit. This ruling did not constitute error.

In reviewing this ruling, we again apply the abuse-of-discretion standard. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 610 (10th Cir. 2012). Three grounds exist for relief: (1) "an intervening change in the controlling law," (2) "new evidence previously unavailable," and (3) "the need to correct clear error or prevent manifest injustice." *Id.* at 611 (citation omitted). Mr. Faircloth has not alleged a change in the controlling

8

law or the existence of new evidence. Instead, he appears to argue that the judgment creates clear error or manifest injustice. But Mr. Faircloth bears responsibility for the district court's inability to reach him, and his departure from the community corrections center does not excuse his failure to prosecute the suit.

Mr. Faircloth again asserts mental illnesses, but the district court could reasonably consider these to be inadequate excuses for failing to disclose his new address. Indeed, reliance on mental illnesses could conflict with Mr. Faircloth's other arguments. For example, he argues on appeal "that no person would equitably contact a court while on escape." Appellant's Opening Br. at 23; *see also* Appellant's Reply Br. at 2 (arguing that it "is ludicrous" to expect Mr. Faircloth, who was a fugitive, to leave a forwarding address). Given this argument, the district court could reasonably attribute Mr. Faircloth's withholding of his new address to his desire to avoid capture rather than to his alleged mental illnesses. The district court thus acted within its discretion in denying Mr. Faircloth's motion to alter or amend the judgment.

## 5.    We decline to postpone a ruling.

Mr. Faircloth points out that he has filed a new suit, and the defendants have moved for dismissal based on timeliness. Based on that

motion, Mr. Faircloth asks us to defer a ruling or to revisit the case after the district court rules on the motion to dismiss in the new suit.

We deny these requests. If the new suit were time-barred, the earlier dismissal might have served as the functional equivalent of a dismissal with prejudice. *See* p. 5, above. But even if the dismissal had effectively been with prejudice, we would need to affirm because the district court could have ordered dismissal with prejudice after finding satisfaction of all the *Ehrenhaus* factors. We therefore need not defer a decision or revisit the matter if the district court dismisses the new suit.

## 6.    Conclusion

We conclude that the district court did not abuse its discretion in ordering dismissal. We therefore

- affirm the dismissal of the first suit,

- affirm the denial of the motion to amend or alter the judgment in the first suit, and

- deny the motion to postpone our ruling or to revisit the matter after a ruling in the new suit.

Entered for the Court


Robert E. Bacharach
Circuit Judge